THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **COQUI TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CASHSTAR INC.,**<br><br>Defendant. | **Civil Action No. 2:16-cv-1192**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Coqui Technologies, LLC ("Plaintiff") makes the following allegations against CashStar Inc. ("Defendant"):

### PARTIES

1. Plaintiff Coqui Technologies, LLC is a Texas limited liability company, having a principal place of business of 3001 S. Hardin Blvd., Ste. 110, McKinney, TX 75070.

2. Upon information and belief, Defendant CashStar Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 25 Pearl Street, Portland, Maine 04101.  Defendant may be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District; and (iii) having its principle place of business in this state.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,580,864

6. Plaintiff is the owner by assignment of United States Patent No. 7,580,864 ("the '864 Patent") titled "Method for Circulating an Electronic Gift Certificate in Online and Offline System." The '864 Patent issued on August 25, 2009. A true and correct copy of the '864 Patent is attached as Exhibit A.

7. Hee-Jung Ahn is listed as the inventor of the '864 Patent.

8. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '864 Patent complied with such requirements.

9. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells electronic gift cards which infringe the '864 Patent, shown in Exhibit B.

10. Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, and 5 of the '864 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale apparatuses and systems, *i.e.*, CashStar eGift Cards (the "Accused

Instrumentality"), covered by one or more claims of the '864 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '864 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '864 Patent pursuant to 35 U.S.C. § 271(a).

11. The Accused Instrumentality infringes claim 1 of the '864 Patent and includes a gift certificate service system for managing sales, gifting, and usage of electronic gift certificates according to a request by a user's communication terminal through a wired network, wireless network, or both, comprising: a gift certificate service server for managing purchase, gifting, and usage operations of the electronic gift certificates from the communication terminal; a gift certificate database, accessed by the gift certificate service server, for storing electronic gift certificate information prior to transferring the gift certificate to a transferee, and processing a reply to an inquiry of electronic gift certificate usage from the gift certificate service server; and a network server, accessed by the gift certificate service server and accessed by the user's communication terminal through the wired network, wireless network, or both, for performing a client interface function with the purchase, gifting, and usage of the electronic gift certificates, and transmitting the user's gift certificate purchase particulars and gift certificate information for usage of the corresponding gift certificate to the communication terminal, wherein the electronic gift certificate is a multimedia message including barcode data, wherein the network server is responsive to use of the electronic gift certificate occasioned by displaying the barcode data on the communication terminal, and wherein the electronic gift certificate information stored by the gift certificate database includes at least one of a gifting history of the gift certificates or a usage history of the gift certificates. *See* Ex. B, Figs. 1-12.

12.     The Accused Instrumentality infringes claim 2 of the '864 Patent. It further includes the gift certificate service server which comprises a means for receiving a user's purchase request from the communication terminal; a means for checking a settlement state of the electronic gift certificate bought by the user, a means for settling the electronic gift certificate bought by the user, and issuing the bought electronic gift certificate to the user, when the user requests settlement; a means for storing the issued gift certificate information in the gift certificate database; and a means for notifying the user of the gift certificate purchase particulars in a message format.  *See* Ex. B, Figs. 6-12.

13.     The Accused Instrumentality infringes claim 3 of the '864 Patent. It further includes a means for receiving a user's gifting request from the communication terminal; a means for inquiring an existence state of the gift certificate possessed by the user of the gift certificate database, and determining the existence state; a means for receiving information the gift certificated to be gifted and a transferee when the user's gift certificate is found; a means for transmitting the gift certificate selected by the user to the transferee; a means for updating the users gift certificate information, storing the updated information in the gift certificate database together with the transferee's gift certificate information; and a means for notifying the user of the gift certificate gifting information in a message format. *See* Ex. B, Figs. 9-18.

14.     The Accused Instrumentality infringes claim 4 of the '864 Patent. It further includes a means for receiving a user's usage request from the communication terminal; a means for inquiring the gift certificate database of an existence state of the gift certificate possessed by the user, and determining the existence state; a means for settling the price with the gift certificate and determining whether the settlement is possible; a means for allowing the processing of the settlement on the price information when the settlement is possible based on the usage of the gift

certificate; a means for settling the user's gift certificate information, updating the settlement information, and storing the updated information in the gift certificate database; and a means for notifying the user of the gift certificate usages information in message format. *See* Ex. B, Figs. 6-12.

15. The Accused Instrumentality infringes claim 5 of the '864 Patent. It further includes a means wherein the history of the gift certificates is classified by types, users, and prices of the gift certificates. *See* Ex. B, Figs. 17-18.

16. As a result of Defendant's infringement of the '864 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

17. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '864 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '864 Patent;

2. a permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing, inducing the infringement of, or contributing to the infringement of the '864 Patent, or such other equitable relief the Court determines is warranted;

3. a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '864 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED October 24, 2016.

Respectfully submitted,

By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**COQUI TECHNOLOGIES, LLC**