**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **COQUI TECHNOLOGIES, LLC,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO. 2:16-CV-01192-RWS |
| | § | LEAD CASE |
| **CASHSTAR INC.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

    case, and a brief, fair summary of the substance of the information known by any such person;

 (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

**2.** **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

 (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

 (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.** **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

   (a) **Interrogatories.** Each side will be permitted to propound 10 common interrogatories. As used herein, "side" means a party or a group of parties with a

      common interest.  Additionally, each defendant can propound up to 15 additional individual interrogatories, and Plaintiff can propound up to 15 additional individual interrogatories per defendant.  For purposes of this Discovery Order, "defendant" means each party sued by Plaintiff.

(b)   **Requests for Admission**.  Each side will be permitted to propound up to 15 common requests for admission, except that requests for admission directed to admissibility issues are treated separately as discussed below.  Additionally, each defendant can propound up to 20 additional individual requests for admission, and Plaintiff can propound up to 20 additional individual requests for admission per defendant.  Each side will be permitted to serve an unlimited amount of additional requests for admission for the sole purpose of determining admissibility or authenticity; however, the parties agree to work together in good faith to agree on a stipulation as to the authenticity of their own documents as a precondition to serving requests for admissions as to authentication on the other party. The serving party will be able to serve said requests for admissions on the admissibility or authenticity of documents after both parties have met and conferred without reaching an agreement as to the authentication and/or admissibility of documents or evidence.

(c)   **Expert Depositions**.  Each party may designate up to 4 expert witnesses.  Any deposition of an expert witness in this action will be limited to 7 hours per witness per report in this action.  If an expert serves a single report that covers multiple issues (e.g. infringement and validity), the report will be treated as multiple reports for purposes of determining deposition time limits.

(d) **Fact Depositions.** Each Defendant will have 25 total hours of deposition time of the plaintiff (including 30(b)(6) depositions and 30(b)(1) depositions of party employees). Plaintiff will have 25 hours of deposition time for each Defendant, including 30(b)(6) depositions and 30(b)(1) depositions. The parties agree that each 30(b)(6) deposition counts as one (1) deposition regardless of the number of persons testifying and each deposition day will be limited to 7 hours. To the extent a witness will be deposed in his/her individual capacity, that witness must be noticed simultaneously with his/her Fed. R. Civ. P. 30(b)(6) deposition. Plaintiff will have 15 additional hours of deposition time for third party fact witnesses not referred to above; and each Defendant will have 15 hours of deposition time for third party fact witnesses not referred to above. Unless otherwise agreed, depositions of defendants and their employees shall take place in or near the deponent's city of residence and at a mutually agreeable time for the parties. The parties agree to work out a mutually agreeable scope of discovery in this case, and will attempt to delineate a mutually agreeable scope concerning relevant evidence, electronically stored information, and other issues. The parties agree that expert depositions and nonparty depositions do not count towards the number of depositions allocated to a party.

(e) **Production Of Materials Obtained Via Third-Party Subpoena.** A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 5 business days. Where reproduction of documents within 5 business days is not possible, the party who received the

> documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil

Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

    (b) In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by

        telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10.**    **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11.**    **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.**    **Proposed Stipulations by the Parties Regarding Discovery:**

    (a)    **Service.** The parties agree that service of discovery requests and responses may be made by email or, if too voluminous, by FTP or other file transfer service. Discovery responses served via email, FTP, or other file transfer service at any time on a given day are effective that day (*i.e.*, before midnight, central time).

    (b)    **Privilege Logs.** No party shall be required to log any privileged documents and/or communications created on or after the date this lawsuit was commenced.

    (c)    **ESI.** Before the parties engage in email discovery or requests for electronically stored information ("ESI"), the parties shall meet-and-confer and submit an agreed ESI order to be entered by the Court.

(d) **Expert Report Drafts.** Counsel need not preserve drafts or outlines of expert reports (partial or complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony. Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This agreement applies to all such items regardless of whether they are in paper or electronic form and whether from this case or another.

**IT IS SO ORDERED.**

**SIGNED this 11th day of May, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE